THE COUNTY OF SANGAMON, Plaintiff in Error, *v.* JAMES M. BROWN and MAHALA PRESTON, Defendants in Error.

ERROR TO SANGAMON.

So much of the 92d chapter of the Revised Statutes, entitled "Right of Way," as relates to State and county roads, is superseded by the 38th section of the 93d chapter of the Revised Statutes, entitled "Roads;" the latter being a repeal of the former statute, so far as relates to the matter of public roads.

The right of appeal in such case is limited to the owner of the land through which the road runs.

An appeal may be taken to the Circuit from the decision of the County Court, and the appellant may inquire into the regularity and validity of the proceedings relating to the establishment of the road; and if the County Court, in directing the road to be opened, has acted without authority of law, the Circuit Court should reverse the order, and leave the County Court to commence proceedings anew.

If the County Court has acquired jurisdiction of the matter, and has proceeded regularly, then the only question to be reviewed in the Circuit Court is as to the amount of damages the appellant will sustain by the construction of the road across his land; whether the public interests demand the road, and whether the fiscal condition of the county will justify the payment of the damages awarded, is for the County Court to decide.

After the damages have been assessed in the Circuit Court, the County Court may vacate the order directing the road to be made, if the latter court shall consider the damages allowed are greater than the interests of the county will authorize to be paid.

No appeal is given to the owner of land, until after the County Court directs the road to be opened, nor can land be appropriated for the purposes of a road, until such an order has been made.

An appeal does not lie from a decision of the County Court, refusing to open and construct a road.

Tenants in common may join in an appeal, but parties having different interests cannot do so; they must prosecute separate appeals.

A county is liable for costs, where an appeal is taken from the order of the County Court in relation to damages for opening roads, if the appeal is successfully prosecuted; and a material increase in the assessment of damages, is to be deemed a successful prosecution of the appeal.

In an appeal, the owner of the land takes the affirmative, on the trial of the appeal; He has to prove title to the land, and show that he will sustain damage by the construction of the road.   The county is the defendant in these proceedings.

The owner of land through which a road is to be made, must object to its location across his land in the first instance, or he will be concluded from insisting upon damages.   Such party must claim damages at the proper time, so that, if the county considers the damages too great, the project may be abandoned, or the road located elsewhere.

The damages assessed must be paid by the county before the road can be constructed. The only way to avoid the payment of the damages assessed, is to vacate the order directing the road to be opened.

The statute expressly makes a county liable for costs, where a judgment is recovered against her.

THIS cause was tried before DAVIS, Judge, at the November term, 1851, of the Sangamon Circuit Court.

The facts are stated in the opinion of the court.

S. T. LOGAN, for the county.

W. J. FERGUSON, for defendants in error.

TREAT, C. J.   It appears, from the record in this case, that Brown, Conner, and Preston, severally claimed damages on account of the location of a road over their lands.   The damages of Brown were assessed at $3 ; and those of Conner and Preston at 62 1-2 cents each.   Upon the report of the appraisers, the County Court made an order that the road should be opened, as soon as the damages should be paid by the applicants for the road.   From that order, and the assessment of damages, Brown and Preston joined in an appeal to the Circuit Court. In that court, the matter was submitted to a jury as one cause, who found that Brown would sustain twenty dollars damages by the opening of the road, and that Preston would not sustain any damages.   The court rendered a judgment against the county, and in favor of Brown, for twenty dollars, and the costs of the proceeding.   The county sued out a writ of error.

It is insisted, that the appeal should have been taken directly from the decision of the appraisers, under the provisions of the 92d chapter of the Revised Statutes.   That chapter is a transcript of an act, passed on the 28th of February, 1833.   It provides that,

in the location of a public road, canal, or other public work, over the land of a person who objects thereto, the superintendent of the work may apply to a justice of the peace, who shall appoint three householders to assess the damages that such owner will sustain; and the householders are required to make two written reports of the assessment, and deliver one of them to the superintendent, and the other to the justice; and either party may appeal from the assessment to the Circuit Court, as from the judgments of justices in ordinary cases.

The 38th section of the 93d chapter of the Revised Statutes, which is a transcript of the 30th section of an " act concerning public roads," approved the 20th of February, 1841, provides that, in the location of a State or county road over the land of a person who objects thereto, the commissioner, superintendent, or supervisor of the road, may apply to a justice of the peace, who shall appoint three householders to assess the damages that such owner may sustain; and the householders are required to make two written reports of their assessment, and deliver one to the officer having charge of the road, and the other to the owner of the land; " which award or assessment of damages shall be laid before the County Commissioners' Court for consideration, who shall examine the matter; and should they decide the amount of damages is not unreasonable, or more than should be given, and that the opening and improving the road is called for by the public interests, and the finances of the county will justify, they, in that case, will approve and accept the award, and order the money to be paid; and the same being paid, the commissioner, superintendent, or supervisor, shall proceed to open and construct said road; which proceedings being recorded in the Commissioners' Court, the right of way shall be thereby secured; *provided,* that the corporation, company, owner, or owners of the land, shall have the right to appeal from the decision of the County Court to the Circuit Court, and the case shall be acted upon in such manner as the court may determine, with a view to justice, and the establishment of the road, who shall make such order therein as may seem right and just, which decision shall be final."

In our opinion, this latter provision was designed to supersede

18 *

so much of the former provision as has any relation to State and county roads. The latter statute legislates exclusively upon the subject-matter of public roads, and being repugnant to and inconsistent with the former statute, must, to that extent, be understood as a repeal of the former, by necessary implication. The former statute required one copy of the assessment to be delivered to the justice ; and it became the record from which an appeal was to be prosecuted. The latter statute contains no such requirement ; and, consequently, there is no record before the justice, from which an appeal may be taken. The justice has no official knowledge of the appraisement, and, therefore, cannot himself allow an appeal, nor make any return to the *certiorari* which issues out of the Circuit Court, in the case of an appeal taken before the clerk of that court. The former statute allowed either party to appeal; whereas the latter statute confers the right on the owner alone.

In this case, the appeal was properly taken from the decision of the County Court. It was so expressly ruled in Hutchins *v.* The County Commissioners, 1 Gilm. 345. What is the effect of such an appeal ? Undoubtedly, the appellant may inquire into the regularity and validity of the proceedings relative to the establishment of the road. If it appears that the County Court, in directing the road to be opened, has acted without authority of law, it is the duty of the Circuit Court to reverse the order, and leave the County Court to commence proceedings *de novo.* But, if the County Court acquired jurisdiction of the subject-matter, and proceeded regularly in its exercise, the only other question to be reviewed in the Circuit Court is as to the amount of damages that the appellant will sustain by the construction of the road across his land. The questions, whether the public interests demand the construction of the road, and whether the fiscal condition of the county will justify the payment of the damages awarded, are matters resting in the sound discretion of the County Court, with the exercise of which the Circuit Court has nothing to do. Even after the damages of an appellant are assessed in the Circuit Court, the County Court may vacate the order directing the road to be constructed, if it shall be of the opinion that the damages are

County of Sangamon *v.* Brown et al.

greater than the interests of the county will authorize to be paid. No appeal is given to the owner, until the County Court directs the road to be opened. His land cannot be appropriated for the purposes of a road, until such an order has been made. And this may be the reason why the legislature took away the right to appeal directly from the assessment. The right of appeal is made to depend upon the affirmative action of the County Court. If no such action is had, an appeal is wholly unnecessary. It may be, that under the comprehensive language of the 42d section of the 27th chapter of the Revised Statutes, any person, interested in the location of a road, may appeal from the order of the County Court directing it to be opened, for the purpose of inquiring into the regularity and validity of the proceedings. But no appeal lies from a decision of the County Court, refusing to open and construct a road.

Parties having different interests cannot join in an appeal. Tenants in common may do so, for their interests are joint. But, in all other cases, the parties complaining of the decision must prosecute separate appeals. The evils of a contrary practice are manifest. If all the parties, affected by the construction of a road over their lands, were permitted to unite in an appeal, there might be twenty different cases to be submitted to the same jury, and as many different judgments to be entered by the court. Such a practice would introduce great confusion and embarrassment into the proceedings of the Circuit Courts. The present case will serve to illustrate the impropriety of such a practice. Brown and Preston, having separate interests, unite in one appeal; the former prosecutes it successfully, while the latter fails to show any cause of action, and yet avoids the payment of costs altogether. If each had taken an appeal, the case would have been free from difficulty. Brown would have recovered his costs against the county; and the county would have obtained a judgment for costs against Preston.

A county is liable for costs, where an appeal of this character is successfully prosecuted. And a material increase in the assessment of damages is to be deemed a successful prosecution of the appeal. The owner of the land is to be regarded as the plaintiff. He takes the affirmative on the trial of the appeal.

He has to prove title to the land, and show that he will sustain damages by the construction of the road. He must object, in the first instance, to the location of the road across his land, or he will be concluded from afterwards insisting upon damages. He must claim damages at the proper time ; so that if the county considers the payment of the damages too great a sacrifice for the benefits to be derived from the road, it may abandon the project altogether, or locate the road elsewhere. Fenis *v.* Ward, 4 Gilm. 499 ; Laws of 1847, p. 112, § 4. The county is the defendant in proceedings of this character. She is bound to pay the damages assessed, before the road can be constructed. She cannot avoid the payment of the damages assessed against her on the appeal, except by vacating the order directing the road to be opened. The statute expressly makes a county liable for costs, where a judgment is recovered against her. Rev. Stat. ch. 27, § 20.

In this case Brown and Preston improperly joined in the appeal ; and, if the objection had been interposed in proper time, it should, for that reason, have been dismissed. But, in the absence of such objection, the Circuit Court should have tried the appeal as two different causes, and entered judgment accordingly. The judgment will be reversed, and the cause remanded, with directions to the Circuit Court to docket the appeal as two distinct cases, and proceed to dispose of the same accordingly.

*Judgment reversed.*