LATIN W. DUNLAP, Appellant, *v.* THE PRESIDENT AND TRUSTEES OF THE TOWN OF MOUNT STERLING, Appellees.

APPEAL FROM BROWN.

The corporation of Mount Sterling has authority to open streets within its limits. It is invested with the same power in this respect as the city of Springfield. The president of the board of trustees exercises in one case the same functions that the mayor does in the other.

A party need not apply to the president of the board to set aside the inquisition, but he may appeal to the circuit court, as soon as ten days shall have expired.

If the proceedings are regular, the circuit court can only determine the amount of damages sustained by opening the street, but cannot inquire into the expediency of opening the street. If the proceedings are substantially defective, the court should reverse them, leaving the corporation to proceed anew.

THIS cause was heard at October term, 1852, of the Brown Circuit Court, MINSHALL, Judge.

R. S. BLACKWELL, for appellant.

J. S. BAILEY and W. H. HERNDON, for appellees.

TREAT, C. J.   The town of Mount Sterling, containing a population of less than fifteen hundred inhabitants, was incor-

porated under the provisions of the 25th chapter of the Revised Statutes. The style of the corporation was, " The president and trustees of the town of Mount Sterling." The affairs of such a corporation are managed by a board of five trustees, one of whom is the president of the board. The 4th section of the " Act to incorporate towns and cities," approved February 10, 1849, provides that " The corporate authorities of all towns and cities incorporated under chapter twenty-five, entitled Corporations, of the revised code, or under any special act, shall have power to pass all the ordinances and by-laws, and possess all the powers authorized under the laws and amendatory acts incorporating either of the cities of Springfield or Quincy; provided that towns containing a population of less than fifteen hundred white inhabitants, shall have no other officers or allow any other compensation than is allowed under chapter 25th of the revised code, unless expressly authorized by law."

The charter of the city of Springfield gives the corporation power " to open, alter, widen, extend, establish, grade, pave, or otherwise improve and keep in repair streets, avenues, lanes, and alleys." It also contains the following provisions : " When it shall be necessary to take private property for opening, widening, or altering any public street, lane, avenue, or alley, the corporation shall make a just compensation therefor to the person whose property is so taken ; and if the amount of such compensation cannot be agreed upon, the mayor shall cause the same to be ascertained by a jury of six disinterested freeholders of the city. All persons impanelled to inquire into the amount of benefits or damages which shall happen to the owners of property proposed to be taken for opening, widening, or altering any street, lane, avenue, or alley, shall be first sworn to that effect, and shall return to the mayor their inquest in writing, and signed by the jurors. The mayor shall have power, for good cause shown within ten days after any inquest shall have been returned to him as aforesaid, to set the same aside, and order a new inquest to be made. Appeals shall be allowed from the decisions in all cases arising under the provisions of this act or any ordinance passed in pursuance thereof, to the circuit court of Sangamon county; and every such appeal shall be taken and granted in the same manner and like effect as appeals are taken from, and granted by, justices of the peace to the circuit court under the law of this State."

On the 25th of February, 1852, the board of trustees of the town of Mount Sterling made an order, which, after reciting that the board and L. W. Dunlap could not agree upon the

compensation to be paid to the latter for the extension of a certain street through his land, in pursuance of an ordinance passed on the 28th of January, 1852, instructed the president of the board to cause the damages to be ascertained; and the president, on the same day, issued a warrant to the town constable, commanding him to summon six freeholders of the town to assess the damages that Dunlap would sustain by the opening of the street across his land. On the 26th of February, 1852, the freeholders so summoned, made and returned an inquest, that Dunlap would not sustain any damages by the opening of the street. It does not appear that any application was ever made to the president to set aside the inquisition. On the 10th of March, 1852, Dunlap took an appeal to the circuit court, which was dismissed by the court, on the ground that an appeal did not lie in such a case.

In the opinion of the court, the corporation of Mount Sterling has authority to open streets within its limits. It is invested with the same power in this respect as the city of Springfield; and such authority is expressly conferred on that city. In the exercise of this power, the board of trustees of the town perform the same functions as do the council of the city. The city council direct a street to be laid out, and the mayor causes the order to be executed. The board of trustees make a similar order, and the president of the board carries it into effect. To this extent, the latter is as much the executive officer of the town, as is the mayor of the city. He causes freeholders to be summoned to assess the damages that will be sustained by the opening of a street; and their assessment is to be returned to him. He may for good cause set aside the inquest, and order another assessment to be made. If he does not exercise this power within ten days, and no appeal is taken within the time allowed by law, the assessment becomes effectual, and upon payment of the damages awarded, the corporation may proceed to open the street. A party need not apply to the president of the board to set aside the inquisition; but he may appeal to the circuit court as soon as the ten days have expired. If the proceedings are regular, the only question to be determined in the circuit court, is the amount of damages that the appellant will sustain by the opening of the street through his property. The court cannot inquire into the expediency of opening the street. That is a matter for the sole consideration of the board of trustees. But if the previous proceedings are substantially defective, the court should reverse them, and dismiss the case, leaving the corporation to commence *de novo.*

The court therefore erred in dismissing the appeal; and the judgment must be reversed, and the cause be remanded.

*Judgment reversed.*