# VALPEAU ROOSA

*v.*

# HENDERSON COUNTY.

1. ROADS—*action of county court—not subject to review.* In counties not under township organization, the county courts have the discretionary power to locate and establish public roads. They are made the judges of the public necessity of such roads, and this discretion, when once exercised, is not subject to review by the circuit court. The statute gives no appeal from such cases except upon a final order directing the road to be opened after the damages have been assessed.

2. In such a case, the county court has power to vacate the order establishing the road at any time before it is directed to be opened. If, on the damages being assessed, the court believes them to be too high, or that the condition of the county would not justify the expenditure of so large a sum of money, they may reverse and set aside the former proceedings, and refuse to order the road opened.

3. APPEAL—*hearing in the circuit court.* On the coming in of the report of the commissioners, of the assessment of damages and its confirmation, and the final order for the opening of the road, the statute gives the party the right to appeal to the circuit court, where, on the hearing in that court, the regularity of the proceedings in the county court may be questioned, as well as the assessment of damages. If such proceedings are irregular they will be reversed, and the county court will proceed *de novo;* but if correct, then the question to be tried on the appeal is, as to the damages.

4. SAME—*evidence.* Where a party appeals from the final order approving the report of damages sustained by property owners, the party may introduce any legitimate evidence to show the extent of such damages. But where an appeal is prayed and perfected in such a case, before the damages are assessed and the road ordered to be opened, the appeal is premature, and the circuit court has no jurisdiction, original or appellate, in such a case, to hear evidence and assess damages.

5. APPEAL—*prematurely taken—effect of judgment.* Where an appeal in such a case is thus taken, when none is given or allowed, and the circuit court proceeds to try the case, and judgment is rendered against the party appealing, for costs, the judgment would constitute no bar to his rights in the premises, and such judgment may be regarded as, in effect, but a dismissal of the appeal.

WRIT OF ERROR to the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. J. H. & W. K. STEWART, for the plaintiff in error.

Mr. J. SIMPSON, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding to lay out and establish a public road in the county of Henderson. That county is not under township organization, and the proceedings were had in the county court.

A petition, signed by the requisite number of voters, having been presented, asking to have a public highway laid out and established over a certain route described, the county court granted the prayer of the petition so far as to appoint viewers.

At a subsequent term, the viewers made their report in writing, laying out and establishing a public road as asked for in the petition, according to a plat and survey attached to the report. This report was by the court approved, and the road declared duly established, and ordered to be opened "subject to claims for damages." From this order thus made, establishing the road, the plaintiff in error prayed an appeal to the circuit court, which was allowed, and the appeal accordingly perfected by the filing of a bond, with the security required by the court.

On the trial of this appeal in the circuit court, the appellant, among other things, offered to prove the amount of damages which he would sustain by reason of the construction of the road over certain lands owned by him, which evidence the court refused to allow him to give. The decision of the court, rejecting the evidence offered by the plaintiff in error, is now assigned for error.

The appeal from the county court to the circuit court, was prematurely taken.

The act of laying out and establishing a public road, is a matter of discretion with the county court. The legislature has seen fit to invest the county court, in counties not under township organization, with the power to determine when

there exists a public necessity for laying out a new road, and whether the financial condition of the county will justify the expenditure of the money necessary to open it to public use ; and their discretion, when once exercised, can not be reviewed in the circuit court.

The statute has provided no appeal from the action of the court in such matters, except from the final order directing the road to be opened, after the damages, if any are claimed, shall have been assessed under the statute. The reason is obvious. It is lawful, even after the damages have been assessed by the commissioners, or on an appeal in the circuit court, if, in the opinion of the county court, the damages are too high, or that the financial condition of the county will not justify the expenditure of so great a sum of money, for that court to vacate the order establishing the road, and thus avoid the payment of the damages. Hence, there is no necessity for an appeal by a party aggrieved by any previous proceedings or orders. Such party can not know that the road will be opened to public use until the damages shall have been assessed, and the final order made directing the proper officers to open it upon the payment of such damages. It will be time enough then for the aggrieved party to take an appeal. *County of Sangamon* v. *Brown et al.* 13 Ill. 207.

It appears from the record, that after the appellant had taken his appeal to the circuit court, the county court, at the same term, under the provisions of the statute, appointed commissioners to assess the damages that he would sustain by reason of the construction of the road across his premises. At the next term, the commissioners made their report, in which they say that the plaintiff in error would sustain no damages over and above the benefits conferred on his land by the construction of the road, which report was by the court approved.

From all final orders approving the assessment of damages, and directing the road to be opened on the payment thereof, the party aggrieved, under the express provisions of the statute, has the right to appeal to the circuit court. On the trial

of such appeals, the regularity of the proceedings in the county court, in laying out and establishing the road, may be inquired into, as well as the question of damages. If the proceedings shall be found to be irregular, they will be reversed, and the county court directed to proceed *de novo.* On the other hand, if the proceedings shall be found to be all regular, the only question to be tried in the circuit court will be the question of damages. *The County of Sangamon* v. *Brown et al. supra.*

Had plaintiff in error appealed from this order of the county court approving the report of the commissioners appointed to assess the damages which he would sustain by reason of the construction of the road, then the evidence tendered in the circuit court would have been proper, and it would have been error in the court to have rejected it. This he did not do. He attempted to appeal from an order where no appeal is authorized by law, and none will lie. The circuit court has no original jurisdiction to hear and determine the question of damages, and can only obtain it on appeal. Nor can original jurisdiction be conferred on the circuit court by consent. There was, therefore, no case pending in the circuit court to be tried, where the evidence tendered by plaintiff in error could be heard.

The appeal was improperly taken, and it was the duty of the circuit court to have dismissed it. There was a trial in the circuit court, and a finding against plaintiff in error, on which judgment was rendered against him for costs. That judgment, however, would constitute no bar to any rights the appellant may have had in the premises. There being nothing before the court to be tried, the judgment against plaintiff in error for costs may, in effect, be regarded as a dismissal of the appeal, and the judgment must be affirmed.

*Judgment affirmed.*