CHICAGO, ROCK ISLAND AND PACIFIC R. R. Co. *et al.*

*v.*

THE TOWN OF LAKE *et al.*

1. EMINENT DOMAIN — *necessity or propriety of exercising the right, can not be inquired into by the courts.* Courts have the right to determine whether the use private property proposed to be taken and appropriated to is public in its nature or not, but when the use is public, the judiciary can not inquire into the necessity or propriety of exercising the right of eminent domain; that right is political in its nature, and to determine when it shall be exercised belongs exclusively to the legislative branch of the government.

2. If the use for which private property is proposed to be taken is public, or if it be so doubtful that the courts can not pronounce it not to be such as to justify the compulsory taking, the decision of the legislature,

embodied in the enactment giving the power, that a necessity exists to take the property, is final and conclusive.

3.   Where the case is such that it is proper to delegate to individuals or to a corporation the power to appropriate private property, it is also competent to delegate the authority to decide upon the necessity of taking.

4.   SAME—*right to take property of a corporation.* The fact that property sought to be taken for a public street, by a town authorized to do so, belongs to a corporation, which acquired its title by the exercise of the right of eminent domain, does not affect the right to take it.   There can be no distinction in the exercise of this right between the property of individuals and of chartered corporations, nor between rights acquired to land by a corporation and title held by the citizen under letters patent from the government.   The same great law of public necessity applies to all.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. THOMAS F. WITHEROW, and Mr. C. D. ROYS, for the appellants.

Messrs. SPAFFORD, McDAID & WILSON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a decree, rendered in the circuit court of Cook county, dissolving an injunction and dismissing the bill of appellants.

It is alleged in the bill, that appellants are the owners of a certain tract of land, in Cook county, known as block B, which they purchased, in 1853, for railroad purposes; that upon the land they have erected freight houses, depots, and laid railroad tracks, side tracks and switches, in different directions, on and across the same, for the convenient handling of cars and freight, and for making connections with each other, and the necessities of their increasing business will require more tracks, side tracks, and more room for standing cars, etc., on the land.

It also appears, from the bill, that the town of Lake is a municipal corporation in the county of Cook, incorporated

under special charter, vested with the usual powers of such corporations; that in the latter part of the year 1872, the town adopted article 9, of the general act for the incorporation of cities and villages, approved May 10, 1872, in the manner provided by section 54, of article 9; that the town of Lake, by and through its board of trustees, passed an ordinance to lay and open a public street through a portion of block B; that the town, by its supervisor, has filed a petition in the circuit court of Cook county, in and by which it invokes the law of eminent domain of the State to compel and enforce the opening of the street, in which it asks that just compensation be made to appellants for private property taken or damaged by the opening of the street, and that the damages may be ascertained by a jury, in the manner required by article 9 of the general act.

The bill also alleges, that the opening of the street through block B would destroy, in a great degree, the value of the premises for railroad purposes, for which the land was purchased, and the injury to complainants would be irreparable; that the public good and convenience do not require that the street should be extended through block B; that it will not shorten the distance to parties going either north or south; that even if it should appear that the opening of the street would be a convenience to a few, still, the greater good and convenience require that the same should not be opened, and in the exercise of the right of eminent domain the greater public good must prevail in a court of equity; that if the street should be opened, it would be, practically, useless to the public, by reason of the many railroad tracks on and across the same; that the lives and property of persons attempting to pass over the street would be constantly in peril.

To the bill appellees filed a general demurrer, and it was sustained by the court, and the bill dismissed, and the case is brought here by appeal.

The legislature of the State has delegated the power to the town of Lake to take private property for the purpose of

public streets and highways, within the corporate limits of the town. The taking and appropriating property for a public street or highway by a municipality, is a public use in its nature, and can not be questioned or denied. Courts have the right to determine whether the use private property is proposed to be taken and appropriated for is public in its nature or not, but when the use is public, the judiciary can not inquire into the necessity or propriety of exercising the right of eminent domain. That right is political in its nature, and not judicial. It belongs exclusively to the legislative branch of the government, and under our constitution the judiciary have nothing to do with it.

We know of no well considered case where the courts have undertaken to pass upon the necessity or expediency of the exercise of the right of eminent domain, and are well satisfied none can be found.

Of the necessity or expediency of exercising the right of eminent domain in the appropriation of private property to public uses, the opinion of the legislature or of the corporate body or tribunal upon which it has conferred the power to determine the question, is conclusive upon the courts, since such a question is essentially political in its nature, and not judicial; but the question whether the specified use is a public use or purpose, or such use or purpose as will justify or sustain the compulsory taking of private property, is perhaps ultimately a judicial question, and if so, the courts can not be absolutely concluded by the action or opinion of the legislative department. But if the use is public, or if it be so doubtful that the courts can not pronounce it to be such as not to justify the compulsory taking, the decision of the legislature, embodied in the enactment giving the power, that a necessity exists to take the property, is final and conclusive. Dillon Mun. Corp. sec. 465.

The power to determine, in any case, whether it is needful to exercise the power of eminent domain, must rest with the State itself; and the question is always one of strict political

character, not requiring any hearing upon the facts or any judicial determination. And where the case is such that it is proper to delegate to individuals or to a corporation the power to appropriate private property, it is also competent to delegate the authority to decide upon the necessity for the taking. Cooley Const. Lim. 537.

In the case of *Swan* v. *Williams*, 2 Mich. 437, in discussing this question, it is well said by the court : "The power of the government respecting public improvement is a sovereign power. It rests in the wisdom of the legislature to determine when and in what manner the public necessities require its exercise, and with the reasonableness of the exercise of that discretion courts will not interfere."

This court held, in the case of *Curry* v. *Mt. Sterling*, 15 Ill. 320, that the power of a municipal corporation to extend and open streets, applies to all lands within its boundaries, whether the same be laid out into town lots or not, and that the extension of a street was a matter of discretion on the part of the board of trustees. The courts can not review the exercise of that discretion. See, also, *Dunlap* v. *The President and Trustees of Mt. Sterling*, 14 Ill. 251.

The legislature, then, having the sole power to determine when the necessity exists for taking private property for public use, and having delegated that power to appellee within its corporate limits, it necessarily follows that a court of chancery has no power to interfere, unless there are facts connected with this case which will take it out of the operation of the general rule.

As we understand the argument of appellants, they claim that they, as a corporation, have, under the law of eminent domain, taken and hold this property for public uses and purposes ; and when the appellees undertake to invoke the same law, and take the property for public purposes, they, appellants, have a superior equity, and hence the courts ought and should interfere in their behalf.

22—71st Ill.

We do not regard the position taken by appellants as sound or tenable. We can not believe the right of property more sacred in a chartered corporation than the same right in the hands of the private citizen—both must stand upon the same footing.

It is impossible, upon principle, to make a distinction between rights acquired to land by a corporation, and the title held by letters patent by the citizen from the government. Over each, the same sovereign power exists. The same great law of public necessity, requiring that private right should yield to public exigency, must be applied to both.

· The citizen and the, corporation, alike, accept a grant of land, with the reserved right resting over and upon it of the State to retake it, at such time as the public necessity may require, upon just compensation being made.

The exercise of this right of eminent domain over franchises and property held by corporations, under a charter, is of frequent occurrence. Bridges are substituted for ferries, turnpikes give way to railroads and canals—in fact, the whole policy of the country in relation to public roads, railroads, canals, under which lands have been condemned, rests upon this power.

The principle contended for by appellants in this case once established, one railroad could not be constructed across another. a highway could not be laid across a railroad, nor a railroad across a canal or a stream of water at a ferry—in fact, the doctrine contended for would have a tendency to stop the improvement and development of the country.

The principles here announced, are fully sustained by the authorities in cases where similar questions have arisen. In the case of *The Richmond Railroad Co.* v. *Louisa Railroad Co.* 13 Howard, 71, it is said : "The grant of a franchise is of no higher order, and confers no more sacred title, than a grant of land to an individual ; and when the public necessity requires it, the one as well as the other may be taken for public purposes, on making suitable compensation. Nor does such

an exercise of the right of eminent domain interfere with the inviolability of contracts."

In the case of *The West River Bridge Co.* v. *Dix et al.* 6 Howard, 529, it is said: "As a question of power to appropriate to public uses the property of private persons, resting on the ordinary foundations of right, there would seem to be room neither for doubt nor difficulty. A distinction has been attempted, in argument, between the power of a government to appropriate for public uses property which is corporate, or may be said to be in being. and the like power in the government to resume or extinguish a franchise. The distinction thus attempted we regard as a refinement which has no foundation in reason."

See, also, *Boston Water Power Co.* v. *Boston and Worcester Railroad Co.* 23 Pick. 389.

We are, therefore, of opinion, both upon principle and authority, that the town of Lake had the right to lay the street across the land named in the bill.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*