## DAVID LOCKMAN, SR.
### v.
## THE COUNTY OF MORGAN.

*Highways—Order of Board Establishing—County Not under Township Organization Law—Appeal—Entry of Order* Nunc pro Tunc.

1. There is no provision authorizing an appeal from an order establishing a public road (not a cartway) in the present road law relating to counties not under the township organization law, and the only appeal that is provided for in such cases is from the assessment of damages and the judgment thereon.

2. Appeals depend wholly upon the statute and can be taken only where it provides for them.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. Oscar A. DeLeuw, for appellant.

Messrs. Brown & Kirby, for appellee.

Wall, J. The county board of Morgan county, a county not under township organization, at its September term, 1886, entertained a petition to establish a public road, which petition was signed by more than thirty-five voters residing within five miles of the proposed road, and appointed persons to examine the route and report at the next term. The viewers presented their report at the December term following, favoring the road, and the board then ordered that the same should be opened when the damages were all paid, provided also that Bader, one of the petitioners, should file his bond with approved security, in the penal sum of $2,000, to save the county from all costs and damages, which bond was afterward filed and accepted. By the neglect of the clerk of the board this order of the December term, 1886, was not entered of record.

At the December term, 1888, the same petitioner, Bader, applied to the board asking that the order be entered *nunc pro tunc.* The motion was resisted by David Lockman, Sr., but after a hearing of evidence and argument it was allowed, and the order was entered then as of December 23, 1886. Thereupon Lockman, as the record states, "came and insisted on an assessment of damages pursuant to the statute, made and provided, and made his motion for that purpose, which motion was overruled, and the said David Lockman prayed an appeal to the Circuit Court of Morgan County, from an order of the court directing the clerk to enter the order of December 23, 1886, *nunc pro tunc,* and from the order which is allowed," etc.

Having perfected his appeal and the matter having reached the Circuit Court, a motion to dismiss the appeal was entered on behalf of the county and was sustained by the court, from which judgment Lockman has prosecuted an appeal to this court, and we are required to determine whether said appeal from the county board to the Circuit Court was properly dismissed.

In the case of Roosa v. Henderson County, 59 Ill. 446, it was held that an appeal from the order of the county board opening a new road, and before the damages were assessed and the final order thereon was entered, was premature. At the time that case was decided the mode of proceeding was somewhat different from the present. Then the assessment of damages was made by commissioners, whose award was reported directly to the county board, and thereupon the board, if it deemed the damages reasonable, and that the opening of the road was called for by the public interest and justified by the county finances, would approve the award and order the money paid, from which decision an appeal was allowed. It was very clear that the appeal was not in order until the final determination, after the damages were assessed.

As the law now stands under the present constitution, the damages must be assessed by jury, and it is provided by Par. 171, Chap. 121, Starr & Curtis' Ill. Stats., that the proper road officer shall apply to a justice of the peace, who shall choose a jury to be empowered to assess the damages, and upon the verdict of the jury the justice shall enter judgment; and it is further provided that either party may appeal from such assessment and the judgment thereon to the Circuit Court, and that it shall be competent for the county board (or the petitioner in case of a cartway) to abandon the road after final judgment on such appeal if the award of damages is considered too high.

By Par. 164 it is provided that in the case of a cartway certain proceedings shall be had and that an appeal may be granted to the Circuit Court from the order establishing such cartway. We have not been able to find any provision authorizing an appeal from the order establishing an ordinary public road (not a cartway) in the present road law relating to counties not under township organization, and the only appeal that seems to be provided for in such cases is from the assessment of damages and the judgment thereon.

By the last clause of Par. 163, it is provided that "no new road shall be considered located nor be opened until the cost of condemning the land for such road shall have been ascer-

tained as provided in Sec. 23 (Par. 171) of this act and paid," so that it is plain the matter is not final until then.

The petition in this case was not framed as the statute requires (Par. 164) in case of a cartway, but is in the form prescribed for the ordinary public highway. True, it specifies the width of the proposed road, thirty feet less than is provided for the main leading roads, but this is authorized by Par. 168; and while the width is less than required for the main roads, yet it is a public road in the ordinary sense of the term, as distinguished from a cartway.

We are not required to determine whether the provision for an appeal in case of a cartway found in Par. 164 will authorize the appeal before the final determination, after damages are assessed.

Holding this is not a cartway and finding no provision for appeal in case of the ordinary public road except from the assessment of damages, we must necessarily hold with the Circuit Court that this appeal was properly dismissed because it was improperly allowed. Neither are we required to determine whether, as the law now stands, it would be proper, upon an appeal from the assessment of damages, to inquire into the regularity of the prior proceedings, as might have been done under the statute in force when Roosa v. Henderson County was decided.

There is a further objection to this appeal; that it is from a mere order, requiring the clerk to make an entry *nunc pro tunc*, and not from the original judgment. The order appealed from did not establish the road. It merely provided for placing in proper form an order which was made for that purpose (establishing the road) at the December term, 1886. The board was thus exercising an inherent power it certainly possessed to cause its record to show its proceedings in the original matter, by merely furnishing in due and regular entries the unquestionable evidence of its judgment. No new rights were thereby acquired—no new liabilities were imposed. All that was done or could be done then was to make the record, as it should have been made at the time. People, etc., ex rel. v. Quick, 92 Ill. 580.

Appellant urges that on the occasion of making this order *nunc pro tunc* he sought to have his damages assessed, and that the board, in failing to take action upon this motion, did something from which he could appeal. The record, which we copy *verbatim* above, seems to show that this appeal was limited to the matter of granting the order *nunc pro tunc*, but assuming that it would bring up all that was then done or omitted, we are unable to perceive that any ground for complaint was thereby presented. The board could not assess his damages at any time and they were not assuming to do anything beyond the mere entry of the order, as it should have been, at the December term, 1886. But this point, whatever it may involve, must be ruled against appellant if there is no provision for the appeal, as we hold. Appeals depend wholly upon the statute, and can exist only where it provides for them. The judgment is affirmed.

*Judgment affirmed.*