## WILLIAM T. WALLACE *v.* VOLNEY D. MOODY.

RECORDS WHICH IMPART CONSTRUCTIVE NOTICE.—The record of a deed acknowledged by an officer not authorized by the laws of this State to take and certify acknowledgments of conveyances, copied into the proper book of record of the office of the County Recorder, prior to the passage of the Act of April 30th, 1860, entitled "An Act supplementary to an Act entitled an Act concerning conveyances," imparts constructive notice of its contents, so far as they are copied, to purchasers and incumbrancers subsequent to the passage of said Act.

SAME.—The Act of April 30th, 1860, entitled "An Act supplementary to an Act entitled an Act concerning conveyances," applies to all instruments in writing then copied into the proper books of record of the proper county, and is not limited to such as by reason of non-compliance with some provision of the Registry Act failed to impart notice.

REMEDIAL ACTS.—An Act of a remedial character should receive, having due regard to the language in which it is expressed, a liberal construction, which will bring within its scope every case which comes clearly within its spirit and policy.

APPEAL from the District Court, Third Judicial District, County of Santa Clara.

The facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellant.

Constructive notice by recording, etc., is a creation of the statute (*Mesick* v. *Sunderland,* 6 Cal. 315 ; *Dennis* v. *Burritt,*

6 Cal. 672); and it was as competent for the lawmaker to say that an unacknowledged deed might be recorded, and that the record should *impart notice*, as that it must be acknowledged before a certain officer, and in a prescribed manner, etc., to do so. By force of the statute all persons are deemed to have notice, though in fact they have not read the record, nor had their attention called to it, or had even been assured by the grantee of a recorded conveyance that no such conveyance had been *made to him*, or, as was held by this Court in *Ricketson* v. *Richardson*, when the record of the mortgage informed the purchaser that the mortgage was given to secure certain promissory notes *with interest* (the rate of interest not being specified) that it imparted notice of the rate of interest provided for in the notes, viz. : greater than the legal rate.

For similar legislation to that under consideration, see Act of April 11th, 1859, Laws of 1859 ; Act of April 16, 1852 ; Wood's Digest, 110, §1, Act 424; (*Watson et al.* v. *Mercer*, 8 Peters, 90 ; *Satterlee* v. *Mathews*, 2 Id. 380; see a similar statute, Laws of Missouri, 1847, p. 95.)

*S. O. Houghton*, for Respondent.

It is conceded by our opponents that the Mayor of Baltimore had no authority to take or certify the acknowledgment of a deed so as to entitle it to record, or to make it admissible as evidence.

That deed, then, was not admissible to record, and the act of the Recorder in copying it upon a book of records in his office was unauthorized and void. (Wood's Digest, Art. 362, Sec. 25.)

The record being void, it imparted no notice whatever ; and the effect of that record as notice, if notice at all, is by force of the Act in question.

It is contended by counsel for appellant that by force of that Act, all instruments copied into the books of record in the Recorder's office at the date of the passage of the Act, thereafter imparted notice to subsequent purchasers just as fully, and to the same extent, as though such instruments had been

properly executed, acknowledged, and certified, by an officer authorized by law to take and certify acknowledgments.

If the Legislature had intended the Act to have any such effect, they could easily have said so. But the language used to express the legislative will falls far short of expressing any such intention.

The Act provides that all instruments of writing now copied into the proper books of record, shall be deemed to impart to subsequent purchasers notice, *so far as and to the extent* that the same may be found recorded, copied, or noted, in the said books of record—not absolutely, however, but qualifiedly.

If it had been intended to make them impart notice without any qualification, the subsequent qualifying words would have been omitted. That such was not the intention is shown by the addition of the qualifying words, to wit: "Notwithstanding any defect, omission, or informality existing in the execution, acknowledgment, certificate of acknowledgment," etc.

That language means that by reason of any defect, omission, or informality that may appear from the record in the execution of any deed, it shall nevertheless be deemed to impart notice. That notwithstanding any defect, omission, or informality appearing in the acknowledgment, the certificate of acknowledgment, etc., it shall nevertheless be deemed to impart notice.

That, however, is not to say that notwithstanding the instrument has no signature it shall impart notice, nor is it to say that if it has never been acknowledged it shall be deemed to impart notice.

We submit that there is nothing in the Act which dispenses with an acknowledgment any more than it dispenses with a signature.

The language used in the Act, if it can be said to have any clear or definite meaning, indicates that it was only intended to operate upon instruments which had been executed or acknowledged; for if an instrument never was executed, or never was acknowledged, it is clear there was no defect, omission, or informality in the execution or acknowledgment. In

other words, there could be no such thing as a defect, omission, or informality in a thing, unless it has an existence.

By the Court, SANDERSON, C. J.

This action was brought to recover certain lands in the City of San José, in the County of Santa Clara. The plaintiff alleges seizin in fee on the 7th of July, 1863, and entry and ouster by defendant on the same day. The answer denies the seizin of the plaintiff, but admits the possession of the defendant. The case was tried by the Court without a jury, and after the findings of fact and conclusions of law had been filed, the plaintiff moved the Court to set aside the conclusions of law (they being in favor of the defendant) and substitute conclusions in favor of the plaintiff. This motion was denied by the Court, and the plaintiff duly excepted. And immediately thereafter the plaintiff moved the Court for judgment upon the pleadings and facts, as found by the Court, in his favor as prayed in the complaint. This motion was also denied, and the plaintiff duly excepted. And thereafter the Court rendered a judgment in favor of the defendant.

It appears from the findings that on the 10th day of July, 1849, one Laban Coffin was seized in fee as owner of the premises in controversy, and that on that day he conveyed the same to one Richard B. Fitzgerald; and that before the institution of this action the plaintiff had, by mesne conveyances, acquired all the estate in said premises which passed by the deed from Coffin to Fitzgerald. This deed was executed in the City of Baltimore, in the State of Maryland, and was acknowledged before the then Mayor of that city, who was not authorized by the laws of this State to take the acknowledgments of deeds. The deed, however, was recorded, or copied into the records of Santa Clara County, on the 25th day of November, 1850, and has remained so copied from that time to the present. After this action was commenced, and after the defendant had filed his answer, he obtained a deed of the premises from Coffin, paying therefor the sum of one hundred dollars.

The only questions presented for our determination are : First—Did the recording of the deed from Coffin to Fitzgerald impart constructive notice of its existence to the defendant at or before the date of his purchase from Coffin ?   Second—If not, had the defendant actual notice ?   We have not stated the facts bearing upon the latter question, because the conclusion to which we have come upon the former renders its consideration immaterial.

The only reason assigned why the recording of the deed from Coffin to Fitzgerald does not impart notice to subsequent purchasers, is found in the fact that the acknowledgment was not taken and certified by an officer authorized to do so under the laws of this State.   And it is argued that this defect is not cured by the Act of the 30th of April, 1860, entitled "An Act supplementary to an Act entitled an Act concerning conveyances."   (Statutes of 1860, p. 357.)   The first section of that Act provides as follows :

"All instruments of writing now copied into the proper books of record of the office of the County Recorders of the several counties of this State shall, after the passage of this Act, be deemed to impart to subsequent purchasers and incumbrancers, and all other persons whomsoever, notice of all deeds, mortgages, powers of attorney, contracts, conveyances or other instruments, so far as and to the extent that the same may be found recorded, copied or noted in the said books of record, notwithstanding any defect, omission, or informality existing in the execution, acknowledgment, certificate of acknowledgment, recording, or certificate of recording the same ; *provided*, that nothing herein contained shall be construed to affect any rights heretofore acquired in the hands of subsequent grantees or assignees."

The foregoing statute was, and had been for more than three years, in force at the time the defendant obtained his deed from Coffin, and if the deed from Coffin to Fitzgerald can be fairly classed among the instruments mentioned and described therein, it is clear that the defendant took his deed with constructive notice of the prior deed to Fitzgerald.

The Act in question is of a remedial character, and should receive, having due regard to the language in which it is expressed, a liberal construction, which will bring within its scope every case which comes clearly within its spirit and policy. We are not to hold that the Legislature intended to discriminate between instruments which had been recorded, but which, by reason of a non-compliance with some provision of the Registry Act, failed to impart notice to the world of their contents, but rather that they intended to place all such instruments upon a common footing, unless such discrimination is made to appear by language too clear to admit of doubt. There can be no reason why the Legislature should say that a recorded instrument having a certain defect shall hereafter impart notice, and that another recorded instrument having some other defect shall not. For such a distinction no reason can be assigned, and counsel for the respondent, although insisting that the distinction has been made, is unable to suggest any consideration of policy which could have induced its creation by the Legislature. The language is broad and comprehensive. It includes " all instruments of writing now copied," etc.,   *   *   *   " notwithstanding any defect, omission or informality existing in the execution, acknowledgment, certificate of acknowledgment, recording or certificate of recording the same." This latter language is not used for the purpose of narrowing and restricting the meaning of the former, and creating, by implication, an exception, as counsel for the respondent contends; but it was used, on the contrary, by way of enlargement and emphasis, and in effect it declares that there shall be no exception to the rule, but that every instrument " now copied," etc., shall impart notice to all the world of its contents, so far as they are copied, and no further.

That the record of the deed from Coffin to Fitzgerald, by virtue of the provision of the foregoing Act, imparted constructive notice of the sale and conveyance by the former to the latter, we have no doubt. To hold otherwise would be to defeat the obvious intent of the Legislature.

It follows that the Court below erred in its conclusions of law, and that the plaintiff was entitled to judgment upon the facts as found.

Judgment reversed, and the Court below directed to render judgment for the plaintiff as prayed for in the complaint.

Mr. Justice RHODES, having been of counsel, did not participate in the decision of this case.