SIBI CULBERSON, plaintiff in error, *vs.* JOHN P. CULBERSON, Executor of JAMES CULBERSON, deceased, defendant in error.

Where a *feme sole*, of full age and competent to contract, agreed with her intended husband in writing for the control of her property for her sole and separate use during the coverture ; and further, that should she survive him, his estate should be chargeable with furnishing her a house and lot worth $3000.00 for and during her life or widowhood, and she released all other claim upon his property, and all right to dower in any of the lands of which he might die seized and possessed, and afterwards married him, and he died, she is not dowable out of his lands.

Dower. (Barred by ante-nuptial contract.) Decided by Judge WARNER. Troup Superior Court. May Term, 1867.

James Culberson and Sibi Ashford, in contemplation of intermarriage, entered into the following contract :

STATE OF GEORGIA, TROUP COUNTY.

WHEREAS, By permission of Almighty God, a marriage is intended shortly to be had and solemnized between James Culberson and Sibi Ashford, of the State and county aforesaid. Now, this indenture made and entered into, between the parties aforesaid, on this, the 8th day of November, A. D., 1862, witnesseth, that the said James Culberson, for and in consideration of the said marriage, doth, by these presents, hereby relinquish all right of ownership or control over the property of said Sibi Ashford, which she has derived from

the estate of her late deceased husband, Thomas Ashford, or to which she is or may be entitled from the estate of her mother, or from any other source whatever ; and it is further agreed and covenanted that, should the said Sibi Ashford survive the said James Culberson, that his executors or administrators shall appropriate the sum of three thousand dollars for the purchase of a house and lot in the city of La-Grange, for the use and occupancy of the said Sibi, during her life or widowhood, to be selected by her; or, if the said Sibi shall prefer it, she is to receive from his said representative annually during her life or widowhood, the interest on said sum of three thousand dollars, and that, in the event of her death or subsequent marriage, then the said house and lot shall revert to and become a portion of the estate of the said James Culberson, or the interest on said sum cease to be payable. The said James Culberson also agrees and contracts that, in the event of his death before the said Sibi, his executors or administrators shall allow her one year's support. And it is further understood and agreed between the parties that the said Sibi Ashford is to have the right to dispose of any of her property, either by will or otherwise. And the said Sibi Ashford, for the consideration aforesaid, agrees and covenants on her part, and doth hereby renounce and relinquish all claim of any kind to the property of the said James Culberson and all rights of inheritance or dower in his estate, and all interest except that hereinbefore mentioned, it being the distinct understanding between the parties to this contract, that each of them is to use, enjoy and control their respective property free from the debts, liabilities, contracts, or control of the other.

In witness whereof the said contracting parties have hereto set their hands and seals this, the day and year above written.

Signed, sealed, and acknowledged and delivered in presence of         JAMES CULBERSON, [L. s.]

                SIBI R. ASHFORD, [L. s.]

E. B. TEAGUE,
J. W. ROBERTSON,
THOMAS J. THORNTON, J. I. C.

They married. Culberson died; John P. Culberson administered on his estate, and was notified by the widow that she would apply for an order appointing commissioners to assign and lay off to her, dower in the lands of James Culberson, deceased. The administrator insisted that, by said ante-nuptial contract, she was barred of dower.

This was the only question submitted to the Court. He held she was so barred, and that holding is brought up for review and correction.

B. H. BIGHAM, for plaintiff in error.

B. H. HILL, for defendant in error.

HARRIS, J.

The right of plaintiff in error to dower, must depend upon the construction of the articles entered into by her, in contemplation of marriage with James Culberson. By those articles, she stipulated for the retention of all her property to her sole and separate use and control during the marriage; and further, that, should she survive the said James, his estate should be chargeable with furnishing her a house and lot of the value of three thousand dollars, in the town of La-Grange, Georgia, for and during her life or widowhood, and she *released all other claim upon the property of said James Culberson, and all right to dower in and to any of the lands of which he might die seized and possessed.* The marriage took place, and Culberson afterwards died. The plaintiff in error then made an application to the Superior Court of Troup county to cause dower to be set apart for her use in the lands of the estate.

It appears that applicant was of full age and competent to contract at the time she entered into said articles with James Culberson, and having engaged thereby not to claim dower, it is too plain to admit of any doubt whatever, that by her

own voluntary act, and when a *feme sole,* she released the right which would have acquired by marriage, seizin of the husband and his death,  dower.   Her rights, whatever they are, exist only in her contract with James Culberson, preceding their marriage.

Judgment affirmed.