Goodykoontz v. Olsen.

*1. PLEADING: answer: denial of corporate act.*

REVERSED.

---

## GOODYKOONTZ ET AL. v. OLSEN ET AL.

1. **Acknowledgment**: COUNTY JUDGE: ABOLITION OF OFFICE. An incumbent of the office of county judge on the first of January, 1869, who, by the act abolishing the office, became on that date *ex officio* county auditor and clerk of the board of supervisors, ceased from that time to have the power to take acknowledgments.

2. ———: LEGALIZING ACT: TAX DEEDS. The provisions of section 2, of chapter 160, laws of 1870, legalizing the acknowledgments of all deeds theretofore executed, do not apply to tax deeds.

*Appeal from Winnebago Circuit Court.*

MONDAY, JUNE 21.

ACTION to quiet title to eighty acres of land. The plaintiffs claim to own the same by virtue of a tax deed dated

January 25, 1869, and filed for record the same day. The deed purports to have been acknowledged before Samuel Tennis, clerk of the board of supervisors. The defendants, while not denying that Tennis was clerk of the board of supervisors, aver that the deed was not acknowledged before a person authorized to take acknowledgments, and that the deed for that reason was not legally executed, and that the plaintiffs acquired no interest thereunder.

The plaintiffs demurred to the answer, and the demurrer was overruled. Judgment being rendered for the defendants the plaintiffs appeal.

*F. M. Goodykoontz* and *R. Wilbur*, for appellants.

*W. A. Burnap* and *Miller & Cliggitt*, for appellees.

ADAMS, CH. J.—A tax deed conveys nothing unless acknowledged. Revision, § 784. It is not claimed that the

1. ACKNOWL-EDGMENT: county judge: abolition of office.

clerk of the board of supervisors had authority by virtue of his office, as such, to take acknowledgments of deeds, but it is claimed that Samuel Tennis, before whom the deed purports to be acknowledged, was county judge; that as such officer he was authorized to take acknowledgments, and so the defect in this case, if any, is a mere defect in the certificate, which should not have the effect to invalidate the deed.

It appears that Tennis had been elected and qualified judge of the county court, and had served as such during the year 1868. Before the acknowledgment, however, of the deed in question, the county court was abolished, and the office of county auditor was created, and each county judge was made *ex officio* county auditor from January 1, 1869, and required to perform the duties of county auditor and act as clerk of the board of supervisors until the office of county auditor should be filled by election.

Now, although Tennis held the office of county auditor, and performed the duties of clerk of the board of supervisors,

Goodykoontz v. Olsen.

by virtue of his having been elected and qualified judge of the county court, yet when the court was abolished he ceased to be judge of the court, and he did not, we think, carry forward any of the powers which he exercised simply as judge. It follows that, in our opinion, at the date of the deed in question he had no power to take acknowledgments.

The appellees, however, insist that even if this is so the acknowledgment must be deemed good now, because by section 2, chapter 160, of the Acts of 1870, all acknowledgments of deeds which had been duly recorded were legalized.

2. ——: legalizing act : tax deed.

Whether it was competent for the legislature to pass an act which should have the effect to divest a title where nothing had been done by the owner with that intent, we need not determine. It is manifest that to uphold such legislation would be going very far. But the act in question does not necessarily embrace that class of acknowledgments which by statute are virtually made a part of the execution of a deed, and without which there is no deed. We ought to be cautious about putting a doubtful construction upon a statute if, when so construed, it would become of doubtful constitutionality.

Now the class of acknowledgments under consideration is a very narrow one. It may well be believed that the legislature did not have it in mind at all. It is true the language is "that the acknowledgments of all deeds * * * are hereby declared legal," but we think that the act was designed to apply only where there was a legal deed antecedent to any attempted acknowledgment. We think, therefore, the curative act does not apply, and the judgment must be

AFFIRMED.