Ferguson v. Williams.

## FERGUSON v. WILLIAMS ET AL.

1. **Acknowledgments:** DEFECTIVE: CURED BY SUBSEQUENT STATUTES. A statute passed for the purpose of curing defective acknowledgments, and of giving validity to recorded deeds and mortgages, as to third persons, though imperfectly acknowledged, is not repugnant to the constitution in cases where vested rights are not impaired. As the legislature had the power to provide by prior law that a conveyance or mortgage should impart constructive notice without an acknowledgment, it is equally competent to make a defective acknowledgment immaterial by a subsequent law.

*Appeal from Floyd Circuit Court.*

TUESDAY, JUNE 13.

IN August, 1869, the defendant, Williams, executed and delivered to one Graham, the assignor of the plaintiff, a promissory note and a mortgage upon certain real estate to secure the payment of the note. This action was brought to recover judgment on the note, and for a decree foreclosing the mortgage. The defendants, other than Williams, are the holders of liens upon the real estate in controversy in the foreclosure. The court decreed that the mortgage was a valid lien, as of the date of its record. The other lien-holders appeal.

*J. S. Root*, for appellants.

*Noble & Updegraff* and *Ellis & Ellis*, for appellee.

ROTHROCK, J.—The body of the mortgage is in proper form, and it was filed for record on the 16th day of October, 1869, and was indexed and recorded. The acknowledgment to the mortgage is in these words:

"STATE OF IOWA, }
  Floyd County,  } ss.   On this 28th day of August, 1869, before me, Ralph C. Mathews, a notary public in and for said county, personally came Charles H. Williams, to me personally known to be the identical person whose name is affixed to the above mortgage as mortgagor, and acknowledged the same to be his voluntary act and deed.

"Witness my hand and official seal the day, and year last above written.

{ G. WYATT,        }          G. WYATT, Notary Public."
{ Notarial Seal, Iowa. }

It is claimed by appellants that by the insertion of the name, Ralph C. Mathews, in the body of the certificate, no acknowledgment was, in fact, taken, and therefore, no constructive

1. ACKNOWL-EDGMENTS: defective: cured by subsequent statutes.

notice was imparted to third persons by the record of the mortgage. It is a question of some doubt with us whether the acknowledgment was sufficient. But that it was an acknowledgment, though defective, there can be no question, and we think the defect therein was cured by section 1967 of the Code, which provides: "That the acknowledgments of all deeds, mortgages, or other instruments in writing, taken and certified previous to the 30th day of April, 1872, and which have been duly recorded in the proper counties in this State, be and the same are hereby declared to be legal and valid in all courts of law and equity in this State, or elsewhere, anything in the laws of the Territory or State of Iowa, in regard to acknowledgments, to the contrary notwithstanding."

In *Brinton v. Seevers*, 12 Iowa, 389, it was held that the object of a statute substantially like this (Sec. 2249 of the Revision of 1860), was to cure defects and give validity to recorded deeds as to third persons, though improperly ac

knowledged, and that the statute was not repugnant to the constitution in cases where vested rights were not impaired.

In the case at bar, it is not claimed that the appellants had any liens upon the premises, prior to the taking effect of the act above cited.

In Cooley's Const. Limitations in treating of retrospective laws, it is said: "If the thing wanting, or which failed to be done and which constitutes the defect in the proceedings, is something, the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law."

No one will doubt the power of the legislature to provide by law that a conveyance or mortgage shall impart constructive notice without an acknowledgment, and if it may, the act in question is within the rule above stated.

We think the court correctly determined that the mortgage was the prior and superior lien, and this disposition of the case renders it unnecessary to examine the other questions presented in the argument, and the motion filed by appellee.

AFFIRMED.