BRYAN *v.* BRYAN.

Opinion delivered February 15, 1896.

ANTENUPTIAL CONTRACT—DEFECTIVE ACKNOWLEDGMENT—CURATIVE ACT.—If an acknowledgment of an antenuptial contract was defective in being taken before a notary public, instead of before a court of record, or some judge or clerk thereof, as required by Sand. & H. Dig., sec. 4899, the invalidity was cured by the curative act of 1885.

DOWER—JOINTURE.—An agreement in an antenuptial contract that the land conveyed thereby to the wife shall be "in lieu and full satisfaction of her whole dower" precludes her from claiming dower in land acquired by her husband after as well as before the marriage.

JOINTURE—RIGHT TO POSSESSION.—As a wife does not come into possession of land conveyed to her by her husband as a jointure by an antenuptial contract until his death, she is not entitled, after his death, to rents and profits which accrued prior thereto.

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

Mrs. Mary Belle Bryan, (formerly Douglas), widow of Joel E. Bryan, brought suit against the administrator and heirs of her deceased husband, to recover dower in the lands of her intestate, who died in 1892. In answer, defendants relied upon an antenuptial contract entered into September 5, 1882, between plaintiff and intestate, whereby the latter conveyed to her certain property in

lieu of dower. The terms of the contract are as follows:

"That said Joel E. Bryan, in consideration of a marriage to be solemnized between him and the said Mary Belle Douglas, doth hereby grant, bargain, sell and convey unto the said Mary Belle Douglas, for her natural life, the following real estate, and after her death, to him, or his heirs and assigns forever; that is to say, northwest quarter of section twenty-one, township seven south, range seven west. To have and to hold the said lot and parcel of land as aforesaid as jointure and in lieu and full satisfaction of her whole dower in his estate. And the said Mary Belle Douglas, being of lawful age and being well advised, in consideration of the premises and one dollar paid her by the said Joel E. Bryan, doth for herself, her heirs, executors and administrators, covenant and agree with him, the said Joel E. Bryan, that the said lands so conveyed to her shall be in full satisfaction of her said dower in his estate, and shall bar her from claiming the same, if she shall survive after the said marriage. And, further, that if the said marriage be had, and she survive him, she will not claim or demand any share of his personal estate, under the statutes of distribution or otherwise, but, retaining her own estate as aforesaid, shall be a bar to all interests and purposes to her claiming or having any part of his personal estate after his decease, unless some part thereof be given her by his will, or some act of his done after the execution hereof."

To this answer plaintiff replied in substance (1), that the alleged antenuptial contract is void, because it was acknowledged before a notary public; but (2) that, if it was valid, she was entitled to the rents and profits from the land therein conveyed from September 5, 1882, until the death of her husband in 1892.

Plaintiff demurred to the answer of defendants, and defendants demurred to the reply of plaintiff. The court sustained the demurrer to the reply, and overruled the demurrer to the answer. Thereupon plaintiff appealed.

*Austin & Taylor* for appellant.

1. The marriage contract is void because acknowledged before an officer not authorized by statute to take it. Sand. & H. Dig. sec. 4899; 86 Mass. 412; Endlich, Int. St. sec. 431. It was *void*, and the legislature could not give life or legal existence to it. 2 Scribner on Dower, p. 385.

2. If the antenuptial agreement is upheld, still appellant is entitled to dower in property acquired after the execution of the contract. The status of the parties was fixed thereby with reference to the estate at the time of marriage.

3. The estate is certainly liable for the rental value of the land used and enjoyed by her husband during his lifetime.

*Met L. Jones* for appellee.

1. The statute is *directory* merely. There are no negative words in it, and an acknowledgment taken before a notary public, an officer recognized by the constitution, and athorized by law to take acknowedgments, is good. 13 Wall. 590; 20 How. 290; 1 Bouv. Inst. 105; 2 Coke, Inst. 200; 14 Abb. (N. Y.) 126; 1. Pick. (Mass.) 64; 34 Ark. 493; Cooley, Const. Lim. 93; 30 Ark. 91. But the defect, if any, was cured by the curative act of 1885. Sand. & H. Dig. sec. 741. This act is constitutional. 43 Ark. 420; 44 *id.* 365; 47 *id.* 413; 50 *id.* 295; Cooley, Const. Lim. 463; 14 Am. & E. Enc. Law, p. 540, and notes 1, 2 and 3; 5 Cranch, 154; 1 Bald. 344.

2. The antenuptial contract bars the widow of dower. By its terms, it was a "*jointure* in lieu and full

satisfaction of her *whole* dower in his estate," and she warrants that she will not claim or demand any share of his personal estate under the statutes of distribution, etc. The term *"jointure"* settles the meaning of the instrument. 2 Blackst. Com. 137; 1 Coke, Inst. 36; 3 Metc. (Ky.) 151; 12 Bush, 518; 21 Me. 364; 3 Miss. 392; 19 Mo. 469; 1 Washb. Real Prop. 8; 27 Ohio St. 60. At common law, a woman could not be bound by any antenuptial agreement; but in equity any provision in lieu of dower is an equitable jointure, and bars dower. 37 Ga. 296; 69 Me. 247; 8 Conn. 79; 8 Gratt. (Va) 486; 56 Am. Dec. 155; 8 Gray (Mass.), 542; 2 D., M. & G. 209; 1 Blan. 284.

3. As to rents, that is a matter to be presented to the probate court.

WOOD, J.   The questions in this case as stated by the appellant are:   (1) Is the marriage contract void because it was acknowledged before an officer not authorized by the statute to take it?   (2) If the contract be valid, should the widow be allowed dower out of the estate acquired by her husband after the marriage?   (3) If the contract be not void, and if she be not entitled to dower out of the property obtained after the making of the contract, has she not a right in equity to charge the estate with all sums due her for the rental value of the land mentioned in the contract, which was used and enjoyed by her husband during his life time?

All these questions must be answered in the negative.

When defective acknowledgment cured.   1. It is unnecessary for us to discuss the question as to whether the antenuptial contract between Joel E. Bryan and Mary Belle Douglas is or is not void by reason of the acknowledgment having been taken before a notary public, instead of before a court of record, or some judge or clerk of a court of record, as provided in sec.

4899, Sand. & H. Dig. For, under the curative act of 1885,
and the decisions of this court construing such acts,
whatever defects there were in the acknowledgment,
rendering the deed ineffectual to convey the title, were
removed, and the deed was, after such act, as good and
valid to carry out the intent of the parties to it as though
the acknowledgment had been properly taken in the first
instance. *Cupp* v. *Welch,* 50 Ark. 294, and authorities
cited; *Sidway* v. *Lawson,* 58 Ark. 117.

2. The widow cannot have dower out of the estate
of her husband acquired after the marriage, for the
reason that the antenuptial contract into which she
entered deprives her of the right to claim dower. That
contract, so far as it is necessary to make clear the
point, is: "To have and to hold the said lot and parcel
of land as aforesaid as jointure and in lieu and full sat-
isfaction of her whole dower .in his estate. And the
said Mary Belle Douglas, being of lawful age, and being
well advised, in consideration of the premises, and of one
dollar paid her by the said Joel E. Bryan, doth for her-
self, her heirs, executors and administrators, covenant
and agree with him that the said lands so conveyed to
her shall be in full satisfaction of her said dower in his
estate, and shall bar her from claiming the same, if she
shall survive him after the said marriage. And, further,
that if the said marriage be had, and she survive him,
she will not claim or demand any share of his personal
estate under the statutes of distribution, or otherwise."
To construe the above instrument merely as an agree-
ment not to claim dower in the estate of the hus-
band at the time of the marriage, and as not barring
dower in property afterwards acquired, would be ignor-
ing the plain meaning of the words employed. "In lieu
and full satisfaction of her whole dower" means that she
surrenders all claim to dower. The words are too plain
to be explained. Besides, the effect of jointure, which

*Dower bar-*
*red by joint-*
*ure.*

this conveyance is, if accepted, is to bar dower. Sand. & H. Dig., secs. 2528-2531, inclusive; *Grogan* v. *Garrison*, 27 Ohio St. 50; *Wentworth* v. *Wentworth*, 69 Me. 247; *Culberson* v. *Culberson*, 37 Ga. 296; *Andrews* v. *Andrews*, 8 Conn. 79; 1 Wash. Real. Prop. pp. 324, 330, sec. 17; *Tevis' Ex'rs*. v. *McCreary*, 3 Metc. (Ky.) 151; *Vance* v. *Vance*, 21 Me. 364; *Perry* v. *Perryman*, 19 Mo. 469; *Miller* v. *Goodwin*, 8 Gray (Mass.), 542. See, also, *Charles* v. *Charles*, 56 Am. Dec. 155.

<span style="margin-left:2em">**When right to possession of jointure accrues.**</span> 3. The wife does not come into possession of the provision made for her by her husband, as jointure, until his death. Jointure is defined to be "a competent livelihood of freehold for the wife of lands and tenements, to take effect in profit and possession presently after the death of the husband, for the life of the wife at least." 2 Blackst. Com. 137. "One mode of barring the claim of a widow to dower," says Mr. Washburn, "is by settling upon her an allowance previous to marriage, to be accepted by her in lieu thereof. * * * But in order to have such provision operate as a bar to dower, it must take effect immediately upon the death of the husband." 1 Wash. Real Prop. ch. 8, sec. 1-6. See, also, authorities cited *supra*, from appellees' brief. These authorities show that the appellant is not entitled to rent for the lands conveyed to her as jointure.

The judgment of the circuit court is affirmed.