SUSAN M. PARRIOTT, Appellant, v. INCORPORATED CITY OF HAMPTON, S. J. PARKER, Mayor, CITY COUNCIL of said Incorporation, and S. W. FERRIS, H. SKOW, H. H. WHEELER, Committee on Streets and Alleys, and A. L. ROBERTS, Appellee.

**Town plats:** DEDICATION OF STREETS: ACCEPTANCE. Before a town can insist upon its right to streets there must be an acceptance by·it of the plat embracing the same, but this may be indicated by improvement, or notice to the proprietor that it will open and improve the same when needed; and the enclosure of streets by an ordinary fence, after dedication, will not estop the town from accepting the same.

**Defective acknowledgments:** CURATIVE ACT. The curative act of the 24th general assembly is broad enough to validate the defective acknowledgment of a town plat, in which the notary failed to recite that the grantors were the persons appearing before him and whose names were affixed to the instrument, that they acknowledge the same to be their voluntary act and deed, and from which the notarial seal was omitted, and thus render effective the dedication of a plat recorded prior to the act.

**Streets:** OPENING OF SAME: INJUNCTION. The owner of a tract of land embraced within a town plat which has been legally dedicated, although by means of a legislative act curing a defective acknowledgment of the plat, which became effective prior to acceptance of the streets, cannot enjoin the opening of the streets solely on the ground that the acknowledgment was defective.

*Appeal from Franklin District Court.*— HON. J. R. WHITAKER, Judge.

THURSDAY, APRIL 11, 1907.

THIS is an action to enjoin the incorporated town of Hampton, acting through its officers, from opening certain alleged streets south of and including Eleventh street, in

Kennedy's addition to that town.   James Kennedy acquired title to the land March 16, 1891, and caused a plat to be filed June 10th of the same year.   This plat consisted of blocks 1 to 9, inclusive, of the annexed plat.   The streets were indicated therein to be sixty-six feet wide, except Franklin from its intersection with Eleventh street, down which was from thirty-one to twenty-nine and three-fourths feet wide.   The lots were sixty-six feet wide by one hundred twenty-three and three-fourths feet long, and the blocks not divided into lots two hundred sixty-four feet square, save block 8, which had one corner cut off by the railroad right of way.   Attached to the plat was the usual surveyor's certificate, saying that " a stake is set at each corner of each lot and block except where stones are set as indicated thereon."   The only acknowledgment to the plat when filed was the following:

We, James Kennedy and Eliza A. Kennedy, his wife, owners and proprietors of the land on which Kennedy's addition to the town of Hampton is laid out, do hereby certify that we caused said addition to the town of Hampton to be laid out, and that disposition of said land as shown by the plat hereto annexed is with our consent and in accordance with our desire.   The streets and alleys in said plat are set apart for the use of the public.   Witness our hands this 6th day of June, 1891.   Jas. Kennedy.   Eliza A. Kennedy.

State of Michigan, Ionia County — ss.:   I hereby certify that before me, Geo. E. Nichols, a notary public in and for the county of Ionia and State of Michigan, appeared the above named James Kennedy and Eliza A. Kennedy, his wife, owners and proprietors of the land on which Kennedy's addition to Hampton is laid out, as shown by the plat hereto annexed, who are personally known to me, and acknowledged that they caused said addition to Hampton to be laid out, and that the disposition of said land as shown by said plat is with their free consent and in accordance with their desire.   Witness my hand and notarial acknowledgment this 6th day of June, 1891.   Geo. E. Nichols, Notary Public in and for Ionia County, Mich.

To this was attached a certificate of the Clerk of the Circuit Court of the above county in due form. The record failed to show that a notarial seal accompanied the notary's certificate. The required certificates of the county treasurer and recorder were attached. The following certificate of acknowledgment, accompanied by a certificate of the clerk as above, was filed and recorded October 2, 1891: " State of Michigan, Ionia County — ss.: On this 24th day of September, A. D. 1891, before me, George E. Nichols, a notary public in and for said county, personally came James Kennedy and Eliza A. Kennedy, his wife, personally to me known to be the identical persons whose names are affixed to the annexed and foregoing plat and dedication to the public of Kennedy's addition to Hampton, Iowa, as grantors, and acknowledged the execution of the same to be their voluntary act and deed. Witness my hand and notarial acknowledgment. George E. Nichols, Notary Public in and for Ionia County, State of Michigan. [Seal.] " This was also accompanied with a certificate of the clerk of court.

Kennedy was still the owner of the land, but on March 18, 1892, conveyed it to A. J. Gray, describing it as " all of Kennedy's addition to Hampton, being all of blocks, 1, 2, 3, 4, 5, 6, 7, 8, and 9, according to the plat of same, being E. one-half N. E. ¼ S. E. ¼ and N. E. ¼ N. W. ¼ of S. E. ¼, Sec. 33 — 92 — 20." In July, 1901, Gray deeded a part of it to A. M. Bailey, describing the same thus: " Commencing at a point 43 and fifty-five one-hundredths rods south and 19 rods east of the southwest corner of block 45, in the town of Hampton, Iowa; thence north 4 rods; thence east to east line of section 33 — 92 — 20; thence south to right of way of Iowa Central Railway; thence northwesterly, along said right of way, to a point where said right of way intersects the west line of the alley between Iowa and Franklin streets, if said alley were prolonged to said right of way; thence north, along said west line of said alley, if produced, to a point due east of begin-

ning; thence west to beginning. Said description includes blocks 6, 7, 8, 9, and outlot one of Kennedy's addition to the town of Hampton, Iowa, and is situated in the E. ½ of S. E. ¼ of said section 33, township 92, range 20, subject to all legal highways."

On July 11, 1905, the widow of Bailey and others conveyed to the plaintiff a tract of land described: " Commencing at a point 43 and fifty-five one-hundredths rods south of S. W. corner of block 45, Hampton, Iowa; thence east 19 rods; thence north 4 rods; thence east to east line section 33 — 92 — 22; thence south to north side of right of way of Iowa Central Railway; then northwesterly along the north line of said right of way to east side Main street; thence north to beginning." The streets north of Eleventh street have been opened and improved by the town in such manner as to indicate an acceptance of the dedication. One Roberts bought block 4 in 1900, in reliance on the streets being dedicated as indicated on the plat, and has erected three houses thereon facing Franklin and Vine streets, in all making six houses on one of these streets and three on the other. Up to the time Bailey acquired part of the property, the fence appears to have extended along Eleventh street a little south of the center, and in replacing or repairing he moved it to the north line of that street. All south of such fence, which includes the streets in controversy, has been inclosed and used solely as a pasture. This suit was begun July 31, 1905, shortly after plaintiff received notice to open the streets, and, on hearing, the petition was dismissed. The plaintiff appeals.— *Affirmed.*

*John M. Hemingway,* for appellant.

*H. C. Liggett,* for appellees.

Ladd, J.— The plat was filed in 1891, so that but 13 years had elapsed at the time the defendant town indicated

its purpose to accept the remaining streets inclosed with blocks 6, 7, 8, and 9 as a pasture. The intention to do so as soon as these were needed was shown by the opening to the public of the streets north of Eleventh street long before if the plat was legal. *Village of Lee v. Harris,* 206 Ill. 428 (69 N. E. 230, 99 Am. St. Rep. 176). The mere fact of inclosure by an ordinary fence, did not estop the town from accepting the streets when ready to improve them, for such use was not inconsistent with the purpose to dedicate. Until acceptance, the owner was entitled to the beneficial use of the property, and, unless the improvements are inconsistent with the intent to dedicate, the city or town will not be deemed to have abandoned its right to acquire the land set apart for streets whenever it may elect so to do. *Burroughs v. Cherokee,* 134 Iowa, 429. The town plainly indicated its acceptance of the dedication by notice to plaintiff that it would open the streets, and, in attempting to enjoin it from exercising the right to accept by opening and improving such streets, she is in no position to contend they have not been previously accepted. The statute points out the method to be pursued by a proprietor who wishes to vacate a plat, and this may not be accomplished by merely insisting that there has not been a platting of the ground, or that if platted it has not been accepted, or that it has in fact been withdrawn or abandoned. These matters relate to conditions actually effected, and not to the municipality's right to accept at the present or in the future. Of course, there must be an acceptance before the incorporated town may insist upon its right to use the streets. This may be indicated by an incorporated town in any unequivocal manner, such as the improvement of the streets, or by notice to the proprietor that it will open and improve them. See *Burroughs v. City of Cherokee, supra.*

The record clearly establishes the town's right to the streets, if the statute was so followed in platting the ground as that such streets were dedicated to the public use. The

plat substantially complied with the requirements of the

2. Defective ac-
knowledg-
ments: cur-
ative act.

statute, and was filed June 10, 1901. See *Coe College v. Cedar Rapids,* 120 Iowa, 541. The acknowledgment thereof was defective, in that the notary public taking it did not certify that Kennedy and his wife were the identical persons then before the notary or those whose names were subscribed, and that they acknowledged the same to be their voluntary act and deed, though possibly something equivalent to this last. Also, the notarial seal was omitted. See *Stephens v. Williams,* 46 Iowa, 540. Sections 560, 1963, Code 1873. But a form of acknowledgment was attached to the instrument by an officer purporting to have authority to take acknowledgments, and it is well settled that ordinarily such defects may be cured by subsequent legislation. Section 1967 of the Code of 1873, as amended by chapter 42, of the Acts of the Twenty-Fourth General Assembly, provided: " That the acknowledgments of all deeds, mortgages, or other instruments in writing, taken and certified previous to the first day of February, 1892, and which have been duly recorded in the proper counties in this State, be and the same are hereby declared to be legal and valid in all the courts of law and equity in this State or elsewhere, anything in the laws of the Territory or State of Iowa in regard to acknowledgments to the contrary notwithstanding." " Duly recorded " as here used means actually recorded. *Brinton v. Seevers,* 12 Iowa, 389. In *Bresser v. Saarman,* 112 Iowa, 720, an acknowledgment of adoption papers before a justice of the peace, unaccompanied by a certificate under official seal of the proper officer certifying to the official character of the justice, his authority to take acknowledgments, and the genuineness of his signature, as required by statute, was held to have been validated by this act. See, also, *Ferguson v. Williams,* 58 Iowa, 717; *Buckley v. Early,* 72 Iowa, 289; *Collins v. Valleau,* 79 Iowa, 626. The absence of seal has repeatedly been held cured by such a statute

in other jurisdictions. *Williams v. Ass'n,* 79 Wis. 524 (48 N. W. 665); *Kenyon v. Knipe,* 2 Wash. T. 422 (7 Pac. 854); *Tidd v. Rines,* 26 Minn. 201 (2 N. W. 497); *Waters v. Spofford,* 58 Tex. 115; *Maxey v. Wise,* 25 Ind. 1. And, in *Baker v. Woodward,* 12 Or. 3 (6 Pac. 173), the acknowledgment held to have been cured did not certify that the grantor was known to the notary. Others may be found holding the lack of authority to take an acknowledgment or omission to show such authority is remedied by a curative act. *Bryan v. Bryan,* 62 Ark. 79 (34 S. W. 260); *Apel v. Kelsey,* 47 Ark. 413 (2 S. W. 102); *Wallace v. Moody,* 26 Cal. 387; *Logan v. Williams,* 76 Ill. 176. See cases collected in 1 Cyc. 612.

The above statute is broad in its terms, and, while it does not purport to supply an acknowledgment entirely omitted, it does undertake to cure all defects short of so supplying such omission. It is urged, however, that, as the acknowledgment of a plat is made by the statute essential to the conveyance of the title in the streets to the municipality, the curative act has no application. Language to this effect will be found in *Goodykoontz v. Olsen,* 54 Iowa, 174, where the court held the acknowledgment of a tax deed to be a part of its execution by the county treasurer. Under the Revision 1860, section 784, such deed did not constitute a conveyance until the officer had acknowledged it, and the owner might not be divested of his property through tax sale in any other way. But subdivisions of land may be disposed of without platting, and the public be invested with title in the streets by dedication otherwise than platting. See section 568, Code 1873. The platting and recording is largely a matter of convenience in the matter of transfers, taxation, and the like (*Brown v. Tabor,* 103 Iowa, 1), and even though section 561, Code 1873, does declare that " The acknowledgment of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use," the title to such

streets does not pass until acceptance by the municipality. *Burroughs v. City of Cherokee, supra.* Acknowledgment of the plat was essential to its validity. *Gould v. Howe,* 131 Ill. 490 (23 N. E. 602); *Armstrong v. Topeka,* 36 Kan. 432 (13 Pac. 843).

But when acknowledgment is effectual through a curative act prior to the acceptance of the streets, and there are no intervening equities, the title to the ground so set apart

3. STREETS: opening of same: injunction.

will thereupon vest in the town or city. Such was the conclusion of this court in *Bresser v. Saarman, supra,* for adoptive papers do not become effective until acknowledged and filed for record. In this case the curative act went into effect in 1892, shortly after Kennedy had conveyed the platted ground to Gray. That conveyance distinctly recognized the plat by describing the several blocks therein, and Gray conveyed in the same way to Bailey in 1901. These parties, then, were not only advised of the existence of the plat, but recognized and adopted it in transferring the property. In these circumstances, it is manifest that the plat became effective upon the adoption of the curative act, for, though up to that time the attempt to plat had not been effective, the act healed the defect in the acknowledgment and the plat was then acknowledged and recorded as required by law. The plat as thus made harmonized with the conveyance previously made to Gray and subsequently by him to Bailey and others.

True the land was also otherwise described in these deeds, but this does not militate against the inferences to be drawn from their recitals. The plaintiff traces her title through these deeds, but not necessarily through the description by blocks, save possibly that of Gray. See *Quinnin v. Reimers,* 46 Mich. 605 (10 N. W. 35), and *Johnstone v. Scott,* 11 Mich. 232, holding that, if both parties claim through a plat, its validity becomes immaterial. The plat was an instrument in writing, within the meaning of the curative act (*Williams v. Milwaukee, etc., Ass'n,* 79

Wis. 524 (48 N. W. 665), and, in the circumstances disclosed, we are inclined to uphold the validity of the plat.

The decree dismissing the plaintiff's petition is *affirmed.*