STATE OF NORTH DAKOTA, EX REL. CAPITAL TRUST & SAVINGS BANK, a Corporation, et al., Relators, Plaintiffs, v. GEORGE E. WALLACE, as Tax Commissioner of the State of North Dakota, et al., Defendants and Respondents, and FARMERS & MECHANICS SAVINGS BANK of Minneapolis, and Hennepin County Savings Bank, Intervening Relators.

(177 N. W. 451.)

Controlled case.

    This case is controlled by the case of Capital Trust & Sav. Bank v. Wallace, No. 3810 on the calendar of this court, ante, 182, 177 N. W. 440.

Opinion filed March 13, 1920.

Original proceeding.

Writ denied.

*Butler, Mitchell & Doherty,* and *Miller, Zuger & Tillotson,* for relators.

*Miller, Zuger & Tillotson, Roberts & Strong* and *Benjamin P. Myers,* for intervening relators.

*William Langer,* Attorney General, and *F. E. Packard,* Assistant Attorney General, for respondents.

PER CURIAM: This is an original application asking at the hands of this court the same relief sought in an action of the same title (except as to interveners) which was begun in district court, and which is disposed of on appeal under the same title (with the exception noted), being Number 3810 upon the calendar of this court, ante, 182, 177 N. W. 440. In this original proceeding The Farmers & Mechanics Savings Bank of Minneapolis, and the Hennepin County Savings Bank filed a petition in intervention which was, upon stipulation, allowed. The rights of the interveners are therefore determined to the same extent as those of the original parties. The opinion in the appeal case (No. 3810) is decisive of the issues presented upon this petition as to all parties hereto. Though, for the reasons stated in the opinion referred to, the plaintiffs are entitled to the relief sought, it will not be granted in this original proceeding, as full relief can be obtained in the proceed-

45 N. D.—14.

ing brought in district court. The interveners are hereby declared entitled to the benefit of the judgment to be entered in the district court.

BRONSON, J. I concur in the result.

GRACE, J. (concurring in result). The laws mentioned in the case of Capital Trust & Sav. Bank v. Wallace, ante, 182, 177 N. W. 440, having been repealed, with the exception of chap. 222 of the laws of 1919 and by reason of this, and the reasons stated in my opinion, in the case of Capital Trust & Sav. Bank v. Wallace, I concur in the result only.